# DISTRICT COURT CIVIL COVER SHEET

_____County, Nevada
Case No. A-17-752013-C  Dept VI
*(Assigned by Clerk's Office)*

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| Ofelia Trinidad Toscano | Cardenas Markets, Inc. |

| Attorney (name/address/phone): | Attorney (name/address/phone): |
|---|---|
| Peter S. Christiansen, Esq. | |
| 810 S. Casino Center Blvd., Suite 104 | |
| Las Vegas, NV 89101 | |
| (702) 240-7979 | |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

| Real Property | Torts | |
|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** |
| ☐ Unlawful Detainer | ☐ Auto | ☐ Product Liability |
| ☐ Other Landlord/Tenant | ☒ Premises Liability | ☐ Intentional Misconduct |
| **Title to Property** | ☐ Other Negligence | ☐ Employment Tort |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort |
| **Other Real Property** | ☐ Legal | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | |
| ☐ Other Real Property | ☐ Other Malpractice | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing |
|---|---|---|
| **Civil Writ** | | **Other Civil Filing** |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment |
| ☐ Writ of Quo Warrant | | ☐ Other Civil Matters |

*Business Court filings should be filed using the Business Court civil coversheet.*

03/06/2017                                              [signature]
Date                                                    Signature of initiating party or representative

*See other side for family-related case filings.*

Nevada AOC - Research Statistics Unit
Pursuant to NRS 3.275

Form PA 201
Rev 3.1


**COMP**
**PETER S. CHRISTIANSEN, ESQ.**
Nevada Bar No. 5254
pete@christiansenlaw.com
**R. TODD TERRY, ESQ.**
Nevada Bar No. 6519
tterry@christiansenlaw.com
**KENDELEE L. WORKS, ESQ.**
Nevada Bar No. 9611
kworks@christiansenlaw.com
**WHITNEY J. BARRETT, ESQ.**
Nevada Bar No. 13662
wbarrett@christiansenlaw.com
**KEELY A. PERDUE, ESQ.**
Nevada Bar No. 13931
keely@christiansenlaw.com
**CHRISTIANSEN LAW OFFICES**
810 South Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Telephone:   (702) 240-7979
Facsimile:   (866) 412-6992
*Attorneys for Plaintiff*

# DISTRICT COURT

## CLARK COUNTY, NEVADA

OFELIA TRINIDAD TOSCANO, an Individual;

Plaintiff,

vs.

CARDENAS MARKETS, INC., a Foreign Corporation, DOES I through X, inclusive; and ROE BUSINESS ENTITIES XI through XX, inclusive,

Defendants.

CASE NO. A-17-52013-C
DEPT. NO. VI

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, OFELIA TRINIDAD TOSCANO, by and through her attorneys, PETER S. CHRISTIANSEN, ESQ., R. TODD TERRY, ESQ., KENDELEE L. WORKS, ESQ., WHITNEY J. BARRETT, ESQ. and KEELY A. PERDUE, ESQ. of CHRISTIANSEN LAW OFFICES and for her causes of action against Defendants, and each of them, allege as follows:

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. That at all times mentioned herein, upon information and belief, Plaintiff, OFELIA TRINIDAD TOSCANO, was and is a resident of Clark County, Nevada.

2. That at all times mentioned herein, upon information and belief, Defendant, CARDENAS MARKETS, INC. is a foreign corporation authorized to do and doing business in Clark County, Nevada.

3. That the true names and capacities, whether individual, corporate, association or otherwise of the Defendant, DOES I through X and/or ROE BUSINESS ENTITIES XI through XX, are unknown to Plaintiff at this time. Plaintiff is informed and believes, and thereupon allege, that each of the Defendant designated herein as DOES and/or ROES is responsible in some manner for the events and happenings herein referred to, and in some manner caused the injuries and damages proximately thereby to the Plaintiff, as herein alleged; that the Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of said Defendants, DOES I through X and/or ROE BUSINESS ENTITIES XI through XX inclusive, when the same have been ascertained by Plaintiff, together with the appropriate charging allegations, and to join such Defendant in this action.

4. Plaintiff is informed and believes, and based upon such information and belief, allege that each of the Defendants herein designated as DOES and ROES are in some manner, responsible for the occurrences and injuries sustained and alleged herein.

5. On or about March 10, 2015, Plaintiff OFELIA TRINIDAD TOSCANO, was a patron of CARDENAS MARKETS, INC., located at 4421 E. Bonanza Rd., Las Vegas, Nevada 89110 (hereinafter referred to as the "Subject Store").

6. On or about March 10, 2015, Plaintiff OFELIA TRINIDAD TOSCANO, while shopping at the Subject Store, slipped and fell on liquid on the floor that appeared to be leaking from the freezer/refrigerator in the deli area, causing Plaintiff great pain and suffering to her person. No "caution" cones/signs were posted to alert patrons/customers of the wet floor.

7. That all the facts and circumstances that give rise to the subject lawsuit occurred in Clark County, Nevada.

## FIRST CAUSE OF ACTION
### *(Negligence - Premises Liability)*

8. Plaintiff incorporates by this reference each and every allegation made in the preceding and ensuing paragraphs as if fully set forth herein.

9. At all times mentioned, Defendants were the owners, managers, supervisors, maintainers, operators, and controllers of the premises and common areas of the Subject Store.

10. Defendants, and each of them, owed a duty to maintain that a safe, hazard-free floor area for the general public, including Plaintiff, at the time and location of the incident.

11. Defendants, and each of them, breached said duty by failing inspect and maintain a safe, hazard-free walkway at the time and location where Plaintiff fell. Additionally, Defendants negligently failed to place "caution" cones/signs to alert patrons/customers of the wet floor.

12. Defendants had actual and/or constructive notice of the hazardous and dangerous condition prior to the time the incident occurred. Defendants knew or should have known that an unreasonably dangerous and hazardous condition existed at the Subject Store being used by Plaintiff.

13. Due to the hazardous condition, and as a direct and proximate result of Defendants' negligent conduct, Plaintiff was caused to be hurt and sustained serious injury to her respective health, strength and well-being, sustain severe and permanent injury to body, and shock and injury to the nervous system and person, and pain, suffering, anxiety, and emotion distress, all of which have caused Plaintiff, and will continue to cause Plaintiff in the future, severe mental, physical, nervous pain and suffering, and loss of enjoyment of life and have caused Plaintiff to suffer general damages in excess of $15,000.00.

14. As a further actual and proximate result of the aforementioned negligent conduct of Defendants, Plaintiff was required to, and did, employ physicians and other health care providers to examine, treat, and care for her and did incur medical and incidental expenses thereby. Plaintiff also suffered loss of income and household services, and in the future Plaintiff will lose income and/or earning capacity and household services. The exact amount of

3

such expenses is unknown at the present time, but Plaintiff alleges that she has suffered special damages in excess of $15,000.00.

15. Plaintiff has been required to retain the services of an attorney to prosecute this action and is entitled to reasonable attorneys' fees, interest, and costs incurred herein.

## SECOND CAUSE OF ACTION

*(Vicarious Liability/Respondeat Superior)*

16. Plaintiff incorporates by this reference each and every allegation made in the preceding and ensuing paragraphs as if fully set forth herein.

17. Employers, masters and principals are vicariously liable for the torts committed by their employees, servants and agents if the tort occurs while the employee, servant or agent was acting in the course and scope of employment.

18. Defendants were the employers, masters and principals of each other, the remaining Defendants, and other employees, agents, independent contractors and/or representatives who negligently failed to maintain a safe and hazard-free premises for the general public, including Plaintiff.

19. At all times mentioned herein, Defendants and other employees named as DOE/ROE Defendants, and each of them, were employees and/or agents of one or all of Defendants and were acting within the scope of their employment.

20. Any and all liability of Defendants' employees and/or agents, is imputed to Defendants, and each of them, under the doctrine of respondeat superior and/or N.R.S. 41.130, which states:

> Except as otherwise provided in N.R.S. 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another person or corporation responsible for his conduct, that person or corporation so responsible is liable to the person injured for damages.

CHRISTIANSEN LAW OFFICES
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
702-240-7979 • Fax 866-412-6992

21. Accordingly, Defendants, and each of them, are vicariously liable for the damages caused by their employees' actions and negligence, further encompassing the actions of those hired by Defendants to maintain the premises.

22. As a direct and proximate result of the conduct of the Defendants described hereinabove, Plaintiff was caused to be hurt and sustained serious injury to her respective health, strength and well-being, sustain severe and permanent injury to body, and shock and injury to the nervous system and person, and pain, suffering, anxiety, and emotion distress, all of which have caused Plaintiff, and will continue to cause Plaintiff in the future, severe mental, physical, nervous pain and suffering, and loss of enjoyment of life and have caused Plaintiff to suffer general damages in excess of $15,000.00.

23. As a further actual and proximate result of the conduct of Defendants described hereinabove, Plaintiff was required to, and did, employ physicians and other health care providers to examine, treat, and care for her and did incur medical and incidental expenses thereby. Plaintiff also suffered loss of income and household services, and in the future Plaintiff will lose income and/or earning capacity and household services. The exact amount of such expenses is unknown at the present time, but Plaintiff alleges that she has suffered special damages in excess of $15,000.00.

24. Plaintiff has been required to retain the services of an attorney to prosecute this action and is entitled to reasonable attorneys' fees, interests, and costs incurred herein.

### THIRD CAUSE OF ACTION

*(Negligent Hiring, Training, Retention, and Supervision)*

25. Plaintiff incorporates by this reference each and every allegation made in the preceding and ensuing paragraphs as if fully set forth herein.

26. Defendants, and each of them, owed a duty of due and reasonable care to properly and adequately hire, train, retain, and supervise their employees, agents, managers, officers, directors, independent contractors and/or servants, including, but not limited to, DOE/ROE Defendants, so as to avoid unreasonable risk of harm to the general public, invitees, patrons, and business invitees of the Subject Store.

5

27. Upon information and belief, Defendants breached their duty by failing to adequately hire, supervise, retain, and/or train their employees, agents, managers, officers, directors, independent contractors and/or servants, including, but not limited to, DOE/ROE Defendants.

28. As a result of Defendants' failure to adequately hire, supervise retain and/or train their employees, agents, managers, officers, directors, independent contractors and/or servants, including but not limited to, DOE/ROE Defendants, and each of them, were placed in positions for which they were unsuitable and/or inadequately trained.

29. As a direct and proximate result of Defendants' and/or DOE/ROE Defendants' negligence as alleged herein, Plaintiff was caused to be hurt and sustain injury to her respective health, strength and well-being, sustain severe and permanent injury to body, and shock and injury to the nervous system and person, and pain, suffering, anxiety, and emotional distress, all of which have caused Plaintiff, and will continue to cause Plaintiff in the future, severe mental, physical, nervous pain and suffering, and loss of enjoyment of life and have caused Plaintiffs to suffer general damages in excess of $15,000.00.

30. As a further actual and proximate result of the aforementioned negligence of Defendants, Plaintiff was required to, and did, employ physicians and other health care providers to examine, treat, and care for her and did incur medical and incidental expenses thereby. Plaintiff also suffered loss of income and household services, and in the future Plaintiff will lose income and/or earning capacity and household services. The exact amount of such expenses is unknown at present time, but Plaintiff alleges that she has suffered special damages in excess of $15,000.00.

31. Plaintiff been required to retain the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees, interest, and costs incurred herein.

## DEMAND FOR JURY TRIAL

32. Plaintiff hereby demands a trial by jury for all issues so triable.

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants, and each of them, as follows:

1. For special damages in an amount in excess of $15,000.00;
2. For general damages in an amount in excess of $15,000.00;
3. For attorneys' fees and costs of suit incurred herein;
4. For pre-judgment and post-judgment interest, as allowed by law; and
5. For such other and further relief as is appropriate under the circumstances.

Dated this \_\_\_ day of March, 2017.

CHRISTIANSEN LAW OFFICES

By _____
PETER S. CHRISTIANSEN, ESQ.
R. TODD TERRY, ESQ.
KENDELEE L. WORKS, ESQ.
WHITNEY J. BARRETT, ESQ.
KEELY A. PERDUE, ESQ.
*Attorneys for Plaintiff*

**IAFD**
**PETER S. CHRISTIANSEN, ESQ.**
Nevada Bar No. 5254
pete@christiansenlaw.com
**R. TODD TERRY, ESQ.**
Nevada Bar No. 6519
tterry@christiansenlaw.com
**KENDELEE L. WORKS, ESQ.**
Nevada Bar No. 9611
kworks@christiansenlaw.com
**WHITNEY J. BARRETT, ESQ.**
Nevada Bar No. 13662
wbarrett@christiansenlaw.com
**KEELY A. PERDUE, ESQ.**
Nevada Bar No. 13931
keely@christiansenlaw.com
**CHRISTIANSEN LAW OFFICES**
810 South Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Telephone:   (702) 240-7979
Facsimile:   (866) 412-6992
*Attorneys for Plaintiff*

# DISTRICT COURT

# CLARK COUNTY, NEVADA

| | |
|---|---|
| OFELIA TRINIDAD TOSCANO, an Individual;<br><br>Plaintiff,<br><br>vs.<br><br>CARDENAS MARKETS, INC., a foreign corporation, DOES I through X, inclusive; and ROE BUSINESS ENTITIES XI through XX, inclusive,<br><br>Defendants. | Case No.: A-17-752013-C<br>Dept. No.: VI<br><br>**INITIAL APPEARANCE FEE DISCLOSURE** |

Pursuant to NRS Chapter 19 as amended by Senate Bill 106, filing fees are submitted for the parties appearing in the above-entitled action, as indicated below:

///

///

///

CHRISTIANSEN LAW OFFICES
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
702-240-7979 • Fax 866-412-6992

| | |
|---|---|
| Plaintiff OFELIA TRINIDAD TOSCANO | $270.00 |
| **Total Remitted** | $270.00 |

Dated this \_\_\_th day of March, 2017.

**CHRISTIANSEN LAW OFFICES**

*[signature]*

PETER S. CHRISTIANSEN, ESQ.
R. TODD TERRY, ESQ.
KENDELEE L. WORKS, ESQ.
WHITNEY J. BARRETT, ESQ.
KEELY A. PERDUE, ESQ.
*Attorneys for Plaintiff*

CHRISTIANSEN LAW OFFICES
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
702-240-7979 • Fax 866-412-6992

2